BONSALL v. HAMILTON-NOYES CO.

(Circuit Court, S. D. New York. June 16, 1905.)

PATENTS—INFRINGEMENT—GARMENT HANGER.

The Tenney patent, No. 669,561, claim 3, for a folding hanger for garments, adapted for use in a closet, drawer, or trunk, was not anticipated, and discloses invention. Also *held* valid as against the defense of prior invention and infringed.

In Equity.

H. S. Mackaye, for complainant.

D. Walter Brown, for defendant.

HAZEL, District Judge. This action was brought to restrain the infringement of letters patent No. 669,561, granted to Irving L. Tenney, complainant's assignor, March 12, 1901, on an application filed June 11, 1900. The invention relates to a folding hanger for clothing, and is adapted for use in either a closet, trunk, or bureau drawer, although, as stated in the specification, the invention is preferably used in connection with the wardrobe trunk patented by Seymour W. Bonsall. The hanger essentially consists of an upper and lower horizontal bar, designated in the specification as folding and attachment bar, respectively, joined by wires or rods at their extremities, thus forming a frame with four sides. The wires are pivotally connected, and are curved at their upper ends so as to encircle the folding bar. Such arrangement of the parts enables the attachment bar, which is provided with hooks for hanging the clothing, to swing or rotate around the folding bar. The object of the invention, as stated in the specification, was to provide means for conveniently hanging ladies' skirts or wearing apparel after folding in a small space, either in a closet or trunk, without wrinkling the fabric. The defenses are anticipation, noninfringement, and, further, that one Hamilton in fact is the original inventor.

The patentable novelty and utility of the hanger device are not seriously questioned, although attention was directed to a number of prior patents to narrow claim 3, which alone is involved. On account of the simplicity of the device, no expert testimony was given in respect to any of the patents, and none was necessary. The involved claim reads as follows:

"(3) An article of manufacture consisting of an attachment bar, means thereon for attaching a garment thereto, a folding bar longer than said attachment bar, arms joining said two bars, and hanging means on said fold-bar outside of the junction with said bar of said arms."

The defendant's device, beyond dispute, has all the elements of the claim in controversy. True, its structure will not conveniently permit revolving the lower bar around the folding bar, it being more

rigidly attached to the dowel. Nevertheless such rigidity and inelasticity do not affect the infringement. The modification pointed out in defendant's device is immaterial. Claim 3 cannot be fairly limited to a swinging or rotating attachment, despite the simplicity and narrow scope of the patent. The specification expressly declares that the "invention covers as well a rigid as a pivotal connection between the folding bar and arm, 4"; and hence, it is thought, defendant's hanger, though employing a rigid bar, may fairly be regarded as a counterpart of complainant's. Such adaptation, containing all the substantial elements of the complainant's patented structure, is strong evidence of its novelty and utility. The prior art does not disclose a hanger for a wardrobe trunk or closet which requires a more illiberal construction of claim 3. The closest approach to complainant's device is the patent to Rundback, No. 497,414. In that patent the garments are not hung at their full length, and when the trunk is open the clothing suspended upon the hanger device is "located at right angles to the body of the trunk, and not in a plane or planes parallel with the body of the trunk," as in the patent in suit.

The principal defense insisted upon is that the defendant's witness Hamilton, an officer of defendant corporation, and not Tenney, was the first person to conceive the hanger device and adapt it to practical use. Upon this point the contention in behalf of the defendant is to the effect that Hamilton early in the year 1900 was engaged in the manufacture of a new style wardrobe trunk, which was placed upon the market for sale in May of that year, and that about five or six months prior thereto a skirt hanger was devised by him and put into use. The witnesses Hamilton and Hartigan, former employés of defendant, are not agreed as to the time when the skirt hanger was first disclosed. Hamilton thought it was five or six months prior to the completion of the wardrobe trunk, while Hartigan at first testified that, to the best of his recollection, the device was put on the market some time in November, 1900. Later, when his attention was called to a former statement made by him in that connection, he corrected his testimony, and stated that the hangers were made in March or April, 1900; On cross-examination he testified that, when Hamilton first disclosed to him his skirt hanger, he had seen the hangers which the Innovation Trunk Company (complainant's hanger) sold. Sufficient evidence is wanting to establish the fact that Hamilton was the original inventor of the device in question. The burden rests upon the defendant to establish the claim of prior invention, and it is a settled rule of law that whoever seeks to antedate another for the same invention must clearly and distinctly ("beyond a reasonable doubt" is the language of the authorities) establish that he earlier conceived and adapted the invention to practical operation. Neither is the evidence in behalf of complainant entirely satisfactory that the hanger device was in fact invented by Tenney about one year prior to his application for the patent in suit. Although absolutely honest witnesses may have testified that the skirt hanger was on sale prior to June

8, 1899, by complainant's licensee, nevertheless such evidence, uncorroborated by contemporaneous writing, or unsupported by more explicit proofs, may not be entirely correct.

My conclusion is that the patent is infringed by the defendant, and accordingly the complainant is entitled to an injunction and accounting, with costs.

So ordered.